<u>**NOT FOR PUBLICATION**</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
SUSAN FIGUEROA,                     :   Civil Action No.: 09-2352 (JLL)
                                    :
          Plaintiff,                :
                                    :
                                    :   **OPINION**
                                    :
MICHAEL J. ASTRUE                   :
Commissioner of Social Security,    :
                                    :
          Defendant.                :
_____:

**LINARES**, District Judge.

      Presently before the Court is Plaintiff's Appeal seeking review of the Administrative Law Judge's ("ALJ") decision denying Plaintiff's Disability Insurance and Supplemental Security Income benefits. The Court has jurisdiction to review this matter pursuant to 42 U.S.C. § 405(g). The Court has considered the submissions made in support and opposition to the appeal and decides the matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, the Court affirms ALJ Friedman's decision.

**I.    FACTS AND PROCEDURAL HISTORY**

      Plaintiff filed applications for Disability Insurance Benefits on April 5, 2004 and Social Security Income Payments on July 31, 2004, alleging disability as of February 1, 2002 due to a back condition and depression. (R. at 13.) Plaintiff's claims were denied initially, and on reconsideration, and Plaintiff then timely filed a request for a hearing. (Id.) A hearing was held

1

on July 19, 2006.  Plaintiff appeared and was represented by counsel.  At said hearing, Plaintiff testified on her own behalf.  (Id.)

At the time of the hearing, Plaintiff was "a twenty-eight year old individual with an eleventh grade of education and possibly a GED."  (Id.)  Subsequent to the hearing, ALJ Friedman held that Plaintiff had met the non-disability requirements set forth in Section 216(i) of the Social Security Act and was insured for disability benefits through the date of his decision.  (Id.)  ALJ Friedman also held that Plaintiff was not under a "disability" as defined in the Social Security Act.

The ALJ held that Plaintiff had not engaged in substantial gainful employment activity since February 1, 2002, (R. at 20.), and that the Plaintiff had an orthopedic disorder involving the back that was "severe." (R. at 16.)  He found, however, that there was no basis to find that Plaintiff's medically determined impairments, either singly or in combination, met or equaled the requirements set forth in [20 C.F.R. 404, Subpart P, Appendix I].  (Id.)   He further found that Plaintiff's assertion that she suffered from severe depression was not supported by the evidence, and that she did not suffer from a severe mental impairment.  (R. at 18-19.)   He also rejected Plaintiff's allegation of weight loss due to malnutrition, stating that there is no diagnosis in the record regarding the cause of her weight loss.  (R. at 19.)

ALJ Friedman next found that Plaintiff had "the residual functional capacity [sic] perform the exertional demands of light work, involving lifting up to a maximum of 20 pounds and 10 pounds frequently; standing, walking and sitting at least 6 hours, in an 8-hour workday and pushing and pulling arm and leg controls." (Id. at 20.)   He then found that the Plaintiff's past relevant work as a cashier or security receptionist were not precluded by her residual functional

capacity ["R.F.C."], or her "medically determinable back disorder." (R. at 21.) Finally, the ALJ found that, assuming arguendo that Plaintiff did not perform her work as a cashier or security receptionist for a sufficient period to constitute past relevant work, "Rule 202.17 of the Medical-Vocational Guidelines in 20 C.F.R. Part 404, Subpart P, Appendix 2, would warrant a finding that she was not disabled." (Id.)

## II.   LEGAL STANDARDS

### A.   Standard of Review

This Court must affirm an ALJ's decision if it is supported by substantial evidence. See 42 U.S.C. §§ 405(g) and 1383(c)(3). Substantial evidence is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). Thus, when "the [ALJ] is faced with conflicting evidence, [she] must adequately explain in the record [her] reasons for rejecting or discrediting competent evidence." Ogden v. Bowen, 677 F. Supp. 273, 278 (M.D. Pa. 1987) (citing Brewster v. Heckler, 786 F.2d 581 (3d Cir. 1986)). The District Court must review the evidence in its totality. See Daring v. Heckler, 727 F.2d 64, (3d Cir. 1984). But, the reviewing court is not "empowered to weigh the evidence or substitute its conclusions for those of the fact-finder." Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992). Where the ALJ's findings of fact are supported by substantial evidence, the Court is bound by those findings, "even if [it] would have decided the factual inquiry differently." Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir.1999).

**B.     The Five-Step Evaluation Process**

Under the Social Security Act, a claimant must demonstrate that she is disabled based on an inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §1382c(a)(3)(A). A person is disabled for these purposes only if her physical or mental impairments are "of such severity that [s]he is not only unable to do his previous work, but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C. § 1382c(a)(3)(B).

The Social Security Administration has established a five-step sequential evaluation process for determining whether a plaintiff is disabled. 20 C.F.R. §§ 404.1520, 416.920. At Step One, the Commissioner decides whether plaintiff is currently engaging in substantial gainful activity. If she is not employed, then the Commissioner proceeds to Step Two. At Step Two, the Commissioner must determine whether the plaintiff's impairment or combination of impairments is severe. If the impairment is not "severe," plaintiff is not eligible for disability benefits. 20 C.F.R. §§ 404.1529(c), 416.920(c). At Step Three, the Commissioner must decide whether the plaintiff suffers from a listed impairment. If the plaintiff does not suffer from a listed impairment or its equivalent, then the Commissioner moves to Step Four. At Step Four, the Commissioner determines whether based on plaintiff's residual functional capacity ("RFC") she can still do her past relevant work. If the Commissioner determines that Plaintiff can no longer perform her past work, then the Commissioner proceeds to Step Five. The burden of proof is on the plaintiff at

these first four steps. See Wallace v. Sec'y of Health & Human Servs., 722 F.2d 1150, 1153 (3d Cir. 1983). At Step Five the burden shifts to the Commissioner to show that other work exists in significant numbers in the national economy that the plaintiff could perform given her RFC, age, education, and past work experience. If the Commissioner cannot show that work exists which plaintiff could perform, then the plaintiff is entitled to disability benefits.

## III.   DISCUSSION

Plaintiff makes the following arguments challenging ALJ Friedman's opinion: (A) at Step Two he erred by finding that Plaintiff's alleged psychiatric condition and malnutrition did not amount to "severe" impairments; (B) at Step Three he did not properly consider all of Plaintiff's impairments in combination; (C) at Step Four he failed to properly analyze Plaintiff's Residual Functional Capacity ("RFC"), and erred in finding Plaintiff capable of performing Past Relevant Work by not evaluating her capability using a "task by task" evaluation; and (D) at Step Five, as an "alternative conclusion," he erred by applying the Grid Rulings to find Plaintiff not disabled.

### A.   The severity of Plaintiff's mental impairment and malnutrition

Plaintiff first claims that ALJ Friedman erred at Step Two by finding that her mental impairment and malnutrition were not severe. Plaintiff points to an intake assessment in March 2005, wherein she was diagnosed as having a "major depression single episode with psychosis." (R. at 216.) According to the assessment, plaintiff was "very depressed," and had been prescribed Zoloft and Topomax for her depression. (R. at 215, 208.) Plaintiff further argues that her alleged fluctuating weight was caused by malnutrition.

Where a Plaintiff asserts mental impairments, the Commissioner undertakes the five-step evaluation, but also "must follow a special technique at each level in the administrative review

process." 20 C.F.R. §§ 404.1520a(e)(2), 416.920a(e)(2); see also Morales v. Apfel, 225 F.3d 310, 316 n.7 (3d Cir. 2000). The ALJ's decision:

> [M]ust show the significant history, including examination and laboratory findings, and the functional limitations that were considered in reaching a conclusion about the severity of the mental impairment(s). The decision must include a specific finding as to the degree of limitation in each of the functional areas described in . . . this section.

20 C.F.R. §§ 404.1520a(e)(2), 416.920a(e)(2). Additionally, in making an impairment determination, "an ALJ may not make speculative inferences from medical reports and may reject a treating physician's opinion outright only on the basis of contradictory medical evidence and not due to his or her own credibility judgments, speculation or lay opinion." Morales, 225 F.3d at 317.

      Here, ALJ Friedman found that the evidence did not support Plaintiff's assertion that she suffered from severe depression. He relied upon five separate reports in making this determination, including the above mentioned March 2005 assessment. According to a February 2006 report by Dr. Munoz, Plaintiff's depression and anxiety were described as stable, and a March 2006 psychiatric note stated that Plaintiff felt "on and off depressed." (R. at 162, 195.) Importantly, the ALJ relied heavily upon Plaintiff's mental status examinations. In April 2005, the Plaintiff was capable of "performing simple and complex tasks with supervision . . . of maintaining attention and concentration for tasks . . .[and] capable of learning new tasks." (R. at 155.) The ALJ also gave great weight, pursuant to S.S.R. 96-6p, to two forms filled out by a New York state agency physician in May 2005. The first indicated that the evidence did not show more than a slight abnormality in mental function, and thus Plaintiff's alleged depression was not

a severe impairment. (R. at 158.) The second, entitled "Psychiatric Review Technique" found that Plaintiff's mental impairment was not severe. (R. at 159.)

Based on the above evidence reasonably relied upon by ALJ Friedman, the Court finds that his determination that Plaintiff "does not suffer from a severe mental impairment" was supported by substantial evidence.

The Court further affirms the ALJ's determination that Plaintiff's alleged malnutrition did not amount to a severe impairment. There is no diagnosis concerning Plaintiff's weight loss in the record, and there is no evidence supporting her testimony that she weighed 170 pounds in 2002. As the ALJ properly noted, at the time of the 2007 decision Plaintiff weighed 95 pounds, and the record shows that her weight in February and May of 2002 was 122 and 114 pounds, respectively, not 170. (R. at 218-19.) Therefore, the Court finds that the ALJ's finding as to malnutrition is also supported by substantial evidence.

### B. At Steps Two and Three, ALJ Friedman properly considered Plaintiff's ailments in combination

Under Step Two, ALJ Friedman found that Plaintiff's "back disorder is considered 'severe' based on the Regulations 20 C.F.R. §§ 404.1520(c) and 416.920(c)." This was enough to move the evaluation on to Step Three, without dispute.

At Step Three, Plaintiff argues that "the decision's failure to combine all of [her] severe impairments and to compare the combination of her symptomatology to the Commissioner's Listings is reversible error." (Bf. In Supp. Of Pl. Susan Figueroa [hereinafter "Pl's Bf.], at 24.)

In his decision, ALJ Friedman expressly held that plaintiff's impairments, "either singly or in combination," did not meet Listing 1.04- Disorders of the Spine, or any of the other

7

impairments listed in Appendix I, Subpart P, Regulations No. 4. (R. at 16.) He then specifically outlined the medical evidence regarding Plaintiff's spinal injuries. (Id.) The decision then goes on to consider plaintiff's assertions that she suffers from depression, headaches, and malnutrition. (R. at 17-19.) The ALJ's Step Three determination placed great weight on three medical reports. The first notes that Plaintiff suffers from some depression and stress, but that the evidence does not support migraines. (R. at 157.) The second found that the medical evidence did not support a finding that Plaintiff's physical or mental impairments were severe. (R. at 158.) The third, a psychiatric report, stated that plaintiff's medical disposition was "not severe." (R. at 159.) The ALJ's analysis properly and expressly combined and compared Plaintiff's severe impairment– her back disorder– and impairments found not to be severe–Plaintiff's assertions as to depression, headaches, and malnutrition– with the listed impairments. Therefore, his decision at Step Three is supported by substantial evidence.

### C. The ALJ's finding of "No Disability" at Step Four is supported by substantial evidence

At Step Four, ALJ Friedman found that Plaintiff "has the residual functional capacity [sic] perform the exertional demands of light work, involving lifting up to a maximum of 20 pounds and 10 pounds frequently; standing, walking and sitting at least 6 hours, in an 8-hour workday and pulling arm and leg controls." (R. at 20.) He further found that Plaintiff's past relevant work as a cashier and security receptionist did not require the performance of work-related activities precluded by her RFC, see 20 C.F.R. §§ 404.1565 and 416.965, and that Plaintiff's back disorder did not prevent her from performing her past relevant work. (R. at 21.) Plaintiff was able to

return to her past relevant work, and therefore, the ALJ held that Plaintiff was "not disabled." (R. at 19.)

Plaintiff's arguments against the ALJ's Step Four determination are two-fold. First, she argues that the ALJ erred in finding that Plaintiff had an RFC for light work. Specifically, Plaintiff argues that no evidence has been set forth supporting the ALJ's RFC determination.

Section 404.1569(e) of the Regulations provides:

> When you have a severe impairment(s), but your symptoms, signs, and laboratory findings do not meet or equal those of a listed impairment in appendix 1 of this subpart, we will consider the limiting effects of all of your impairment(s), even those that are not severe, in determining your residual functional capacity. Pain or other symptoms may cause a limitation of function beyond that which can be determined on the basis of the anatomical, physiological or psychological abnormalities considered alone; e.g. someone with a low back disorder may be fully capable of the physical demands consistent with those of sustained medium work activity, but another person with the same disorder, because of pain, may not be capable of more than the physical demands consistent with those of light work activity on a sustained basis. In assessing the total limiting effects of your impairment(s) and any related symptoms, we will consider all of the medical and nonmedical evidence, including the information described in § 404.1529(c).

20 C.F.R. § 404.1545(e). In making his RFC determination, the ALJ considered the subjective testimony of the Plaintiff. His decision noted that Plaintiff feels pain and depression every day, and that she does "not feel like doing anything." (R. at 17.) He also discussed her assertion of back pain, depression, and weight loss. (R. at 17-18.)

In regards to back pain, the decision also highlighted Plaintiff's testimony that she uses public transportation, and "gets her children ready to go to school, prepares their food, and does housework, cleaning, laundry and grocery shopping." (R. at 18.) Physical examinations relied upon by the ALJ show that Plaintiff's upper and lower extremities showed a full range of motion, with no joint inflammation or instability. (Id.) The thoracic and lumbar spine showed no

tenderness, and Plaintiff was described as having only mild limitation for bending and lifting. (R. at 19.)

As to her mental health, the ALJ relied upon various medical reports to find that the evidence did not support her subjective complaints of limitation. According to an April 2005 report, Plaintiff was capable of "performing simple and complex tasks with supervision . . . of maintaining attention and concentration for tasks . . .[and] capable of learning new tasks." (R. at 155.)  The ALJ further wrote, supported by the record, that Plaintiff did not show that she suffered from more than a slight restriction in her daily activities, social functioning, or concentration. (R. at 19.)  As to Plaintiff's malnutrition, the Court reiterates that the ALJ properly discounted its significance due to a lack of evidence or diagnosis specific to weight loss, within the record.

Based upon this evidence, both medical and nonmedical, the Court finds that ALJ Friedman's determination of Plaintiff's RFC for light work with some limitations is supported by substantial evidence.

Plaintiff next argues that the ALJ erred in evaluating her past relevant work.   In determining a plaintiff's Past Relevant Work, the regulations state that "[w]e consider that your work experience applies [i.e., is relevant] when it was done within the last 15 years, lasted long enough for you to learn to do it, and was substantial gainful activity [SGA]." 20 C.F.R. §§ 404.1565(a) and 416.965(a).  Here, the ALJ found that Plaintiff could return to her past relevant work as a cashier or a security receptionist. (R. at 19.)

Plaintiff does not dispute the ALJ's determination regarding past relevance, but rather argues, pursuant to SSR 82-62, that the ALJ did not engage in a task by task evaluation in finding

10

Plaintiff *capable* of resuming her past relevant work.  Under SSR 82-62, when comparing a plaintiff's RFC with the physical and mental demands of past relevant occupations,

> The claimant is the primary source for vocational documentation, and statements by the claimant regarding past work are generally sufficient for determining the skill level, exertional demands and nonexertional demands of such work.  Determination of the claimant's ability to do PRW requires a careful appraisal of (1) the individual's statements as to which past work requirements can no longer be met and the reason(s) for his or her inability to meet those requirements; (2) medical evidence establishing how the impairment limits ability to meet the physical and mental requirements of the work; and (3) in some cases, supplementary or corroborative information from other sources such as employers, the *Dictionary of Occupational Titles*, etc., on the requirements of the work as generally performed in the economy.

SSR 82-62, htttp://www.ssa.gov/OP_Home/rulings/di/02/SSR82-62-di-02.html.  The Rule further provides that "[i]f more than one job was performed during the 15-year period, separate descriptions of each job will be secured."  Id.

ALJ Friedman's decision includes an appraisal of the Plaintiff's testimony, as well as medical evidence relevant to the requirements of Plaintiff's past relevant work.  It also discusses each job separately.  First, the decision notes Plaintiff's testimony that her cashier's job at a clothing store required her to stand, both at the register and on the sales floor. (R. at 17.)  While Plaintiff testified that she stopped working as a cashier because of her depression and back pain, she also states that she was let go due to excessive absences.  (Id.)  As a security receptionist, Paintiff testified that she stood all day and that the job required no lifting.  (R. at 17, 273)

The medical evidence in this case supports the ALJ's finding that Plaintiff's back disorder does not prevent her from performing her past relevant work.  No medical evidence prohibits Plaintiff from standing while at work.  Indeed, the evidence shows that Plaintiff's back pain had stabilized, that she had full range of motion, no tenderness, and at most mild limitation

11

for bending and lifting.  (R. at 18-19.)   Plaintiff's RFC for light work included lifting up to a maximum of 20 pounds and 10 pounds frequently; standing, walking and sitting at least 6 hours, in an 8-hour workday and pulling arm and leg controls."  (Id.)  This RFC is consistent with the skill level, and physical and mental demands of Plaintiff's past relevant work as a cashier or security receptionist, and the Court therefore holds that the ALJ's determination, that Plaintiff is "not disabled" because her RFC allows her to perform her past relevant work, is supported by substantial evidence.

        **D.**       **Plaintiff's Step Five Argument is Moot**

Because the ALJ's Step Four finding of non-disability is supported by substantial evidence, the Court finds it unnecessary to discuss Plaintiff's Step Five argument.

**IV.**     **Conclusion**

For the reasons set forth above, the Court concludes that the ALJ's decision is supported by substantial evidence and is hereby affirmed.  An appropriate Order accompanies this Opinion.

DATED: December 22, 2009

                                          /s/ Jose L. Linares
                                          JOSE L. LINARES
                                          UNITED STATES DISTRICT JUDGE